# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **JEFF COLEMAN, JR** | * | **CIVIL ACTION NO. 05-0203** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MARK FENDALL, SCOTTY SADLER, ROBERT CROWDER, AND THE CITY OF MONROE** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6) filed by defendants, Mark Fendall ("Fendall"), Scotty Sadler ("Sadler"), Robert Crowder ("Crowder"), and the City of Monroe ("City"). (Document No. 5). The plaintiff, Jeff Coleman, Jr. ("Coleman"), in response to the defendants' initial Motion to Dismiss, was ordered to amend his complaint and did so on October 18, 2005. The defendants, however, filed a supplemental memorandum reiterating their Motion to Dismiss (Document No. 13). For reasons stated below, it is recommended that the Motion to Dismiss be **DENIED in part and GRANTED in part.**

Coleman filed this action seeking damages under 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and under Louisiana law for injuries he allegedly suffered when defendants Fendall, Sadler, and Crowder allegedly used excessive force during a lawful arrest. Coleman also alleges that the City is liable under section 1983 and state law for failure to properly train and supervise its police officers. Defendants argue that Coleman's amended complaint sets forth insufficient facts to support his claims against both the individual police officers and the City.

When considering a motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6), the Court must accept as true the well-pleaded factual allegations in the complaint, and construe them in the light

most favorable to the plaintiff. *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 205 (5th Cir. 1994), *cert. denied,* 514 U.S. 1017 (1995). The Court may grant a party's motion to dismiss only if "the pleadings on their face reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief." *Garrett v. Commonwealth Mortg. Corp.*, 938 F.2d 591, 594 (5th Cir. 1991).

This strict standard of review under rule 12(b)(6) has been summarized as follows:

> The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir 2000) (quotation marks and internal citations omitted).

Coleman's amended complaint alleges, *inter alia*, that Fendall, Sadler, and Crowder, three officers with the City of Monroe Police Department, are liable in their official and individual capacity for the following:

> On February 3, 2004, Plaintiff was arrested by Defendants. During the arrest, and without provocation, Plaintiff was kicked repeatedly in the head and body by all three individual defendants.. Plaintiff admits that sometime prior to the events herein that he did improperly, and without permission, seek to evade arrest. In fact, he hid under a vehicle. However, when told to come out, he came out peacefully, at which point he was assaulted and battered as described above.

Amended Complaint, ¶¶ 11-12 Based on this, the amended complaint avers that the officers, while acting under color of state law and in their official capacity, used excessive force and deprived Coleman of rights secured by the Fourth and Fourteenth Amendments, a violation of 42 U.S.C. § 1983. Coleman's amended complaint also alleges that the City is liable for:

(a) Failing to properly discipline, restrict, and control Defendant Fendall;
(b) Failing to take adequate precautions in the hiring, promotion, and retention of

2

police personnel, including the Defendant officer herein;
(c) Failing to establish and or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police officers.

Amended Complaint, ¶ 25.

To plead a claim under § 1983 for a police officer's use of excessive force, a plaintiff must allege specific facts showing that he/she suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force was objectively unreasonable. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). With respect to the individual officers Coleman alleges actually participated in the arrest, the amended complaint is sufficient. Coleman has specifically listed several injuries that resulted from being "kicked repeatedly in the head and body" by the officers. Additionally, Coleman sufficiently supports the third prong of an excessive force claim by alleging that his behavior, while evasive, remained non-violent and did not justify the officers' actions. The amended complaint, in response to this Court's order, also resolves the ambiguity regarding which officers participated in the use of excessive force because it clearly states that "Plaintiff was kicked repeatedly in the head and body by all three individual defendants." Amended Complaint, ¶ 11. Therefore, Coleman has pled sufficient facts to support a claim of excessive force against the individual police officers.

It is settled law that merely demonstrating a constitutional violation by a municipal employee is insufficient to establish liability of an employer or supervisor for violations of 42 U.S.C. § 1983. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 663 n.7 (1978). Instead, a plaintiff must show that the employer or supervisor directly participated in the alleged wrong or, in the alternative, that the employer's or supervisor's behavior was "deliberately indifferent" to the plaintiff's constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Watson v. City of New Orleans*, 2000 U.S. Dist. LEXIS 1225, *1 (E.D.La.

2000). To be more precise, when proceeding against a municipality under § 1983, a plaintiff must "(1) identify an official policy, custom, pattern or practice, (2) show deliberate indifference (culpability), and (3) establish a causal connection between the policy and the alleged constitutional violation (the moving force)." *Douglass v. Valteau*, 2005 U.S. Dist. LEXIS 12423, *7 (E.D.La. 2005). The alleged policy need not be official or written; it may include "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

The portion of Coleman's complaint alleging claims against the City is completely void of any mention of a specific policy, custom, pattern or practice that caused or allowed the officers to use excessive force. Merely stating that the City acted with deliberate indifference "as a matter or [sic] policy or practice" does not sufficiently identify what the policy was or how it facilitated the use of excessive force. Even in response to the defendants' motion to dismiss and this Court's Order to Amend, Coleman fails to identify any such policy, custom, pattern, or practice. Although Coleman alleges that the City failed to discipline the officers, take adequate precautions, and establish an effective system for handling complaints of misconduct, he has failed to assert any facts indicating that his alleged deprivation of constitutionally protected rights was the result of an official policy or custom. Even taking Coleman's recitation of the facts to be true, he has described only this single incident of excessive force and therefore failed to establish an actionable custom or policy for purposes of section 1983. The facts in Coleman's amended complaint simply do not tend to show that the City had any such policy or custom that resulted in infringement of Coleman's constitutional rights.

Finally, although Coleman concedes that respondeat superior is not available as a basis for municipal liability under § 1983, he alleges that the theory of recovery is available for his "state-based claims." Plaintiffs Opposition to Motion to Dismiss, ¶ 8. Notwithstanding the doubts the Court holds on this point, Coleman has simply failed to identify any state-law claims in his complaint. The only reference to state law appears in an invocation of supplemental jurisdiction where he merely requests this Court to consider all "claims arising under state law." This, by itself, is simply insufficient to state a claim sufficient to avoid dismissal under Rule 12(b)6; nor does it afford the defendants the notice required even for a notice-pleading complaint.

Therefore, for the reasons stated above, it is recommended that defendants' Motion to Dismiss (Document No. 5) **be GRANTED as to the official capacity claims[1] and the claims against the City of Monroe and DENIED as to the claims against the individual defendants in their individual capacity.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[1] Suits against government officers in their official capacity are treated as suits against the officers' office and hence, in this case, as a suit against the City of Monroe itself. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-1 (1989). Thus, for the reasons stated above, Coleman's claims against the individual defendants in their official capacity are insufficient.

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 3rd day of November, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\05-0203.110305.rr.klh.frm