UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JEFF COLEMAN, JR. | CIVIL ACTION NO. 05-203 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARK FENDALL, SCOTT SADLER, ROBERT CROWDER, AND THE CITY OF MONROE | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a motion to dismiss filed by Defendants Mark Fendall ("Fendall"), Scotty Sadler ("Sadler"), Robert Crowder ("Crowder"), and the City of Monroe ("City") (collectively "the Defendants") [Doc. No. 5].

Magistrate Judge Karen L. Hayes has issued a Report and Recommendation [Doc. No. 14] recommending that the Defendants' motion to dismiss be denied in part and granted in part.

For the following reasons, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation.

## I.   FACTS AND PROCEDURAL HISTORY

On February 2, 2005, Jeff Coleman, Jr. ("Coleman") filed a complaint against the Defendants seeking damages under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Louisiana law for injuries he allegedly suffered when Defendants Fendall, Sadler, and Crowder allegedly used excessive force against him during a lawful arrest. Coleman also alleged that the City is liable under § 1983 and state law for failure to properly train and supervise its police officers.

On June 16, 2005, the Defendants filed a motion to dismiss. On August 12, 2005, the motion to dismiss was referred to Magistrate Judge Hayes for Report and Recommendation. On September 28, 2005, Magistrate Judge Hayes ordered Coleman to amend his Complaint and clarify his claims against the Defendants. On October 18, 2005, Coleman amended his Complaint.

On November 3, 2005, Magistrate Judge Hayes issued her Report and Recommendation. After review, Magistrate Judge Hayes found that Coleman's Amended Complaint sufficiently pled facts to support a claim against Fendall, Sadler, and Crowder. However, Magistrate Judge Hayes also found that Coleman failed to plead sufficient facts to support a claim against the City. Therefore, Magistrate Judge Hayes recommends to the Court that the Defendants' motion to dismiss Coleman's § 1983 claims against Fendall, Sadler, and Crowder be denied and that the Defendants' motion to dismiss Coleman's § 1983 claim against the City be granted.

For the following reasons discussed below, the Court declines to adopt the Magistrate Judge's recommendation that Coleman's § 1983 claim be dismissed against the City, but adopts her recommendation that the Defendants' motion to dismiss Coleman's § 1983 claims against Defendants Fendall, Sadler, and Crowder be denied.

**II.    LAW AND ANALYSIS**

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. 28 U.S.C. § 636(b)(1). In the present case, Coleman timely filed objections [Doc. No. 19] to the Magistrate Judge's Report and Recommendation, thus warranting *de novo* review by the Court.

Municipalities and cities qualify as persons liable to suit under 42 U.S.C. § 1983. *Monell*

*v. Dept. of Social Serv.*, 436 U.S. 658, 690 (1978). In order for a plaintiff to succeed under § 1983 against a municipality he must (1) identify an official policy, custom, pattern or practice; (2) show deliberate indifference; and (3) establish a causal connection between the policy and the alleged constitutional violation. *See Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1410 (5th Cir. 1995).

In Coleman's Amended Complaint he states that the City ratified or tolerated conduct such as:

(1) failing to properly discipline, restrict, and control the individual defendants;

(2) failing to take adequate precautions in the hiring, promotion, and retention of police personnel;

(3) failing to establish and or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct; and

(4) failing to diligently exercise their duties to instruct, supervise, control, and discipline on a continuing basis.

Amended Complaint, ¶ 25-27 [Doc. No. 12].

A motion to dismiss should not be granted unless the face of the plaintiff's petition shows, beyond doubt, that the plaintiff cannot prove any set of facts that would entitle him to relief. *Johnson v. Dallas Ind. Sch. Dist.*, 38 F.3d 198, 199 (5th Cir. 1994). A 12(b)(6) motion to dismiss for failure to state a claim is, therefore, viewed with disfavor and rarely granted. *See Kaiser Aluminim & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The standard of review under 12(b)(6) has been described as follows:

> The question . . . is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.

3

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Magistrate Judge Hayes concluded that Coleman's Amended Complaint does not survive a Rule 12(b)(6) motion to dismiss because it is "completely void of any mention of a specific policy, custom, pattern or practice that caused or allowed the officers to use excessive force." Magistrate Judge Hayes also states that the "facts in Coleman's Amended Complaint simply do not tend to show that the City had any such policy or custom that resulted in infringement of Coleman's constitutional rights."

Rule 8 of the Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The rule requires a statement that gives the "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The rule does not require a heightened pleading for § 1983 actions against a municipality. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167 (1993).

The Court finds that Coleman's Amended Complaint meets the liberal pleading requirements established in Rule 8, and it survives dismissal. At this stage, it would be unreasonable to require Coleman to plead with specificity all of the facts and particular instances of a policy or custom that allegedly infringe on his constitutional rights without the opportunity to conduct some discovery. Otherwise, no plaintiff would ever survive a motion to dismiss his claims brought pursuant to *Monell* and § 1983. *See Bramlett v. Burns*, No. 04-518, 2004 WL 1243684, at *3 (E.D. La. June 3, 2004) (finding plaintiff's allegations sufficient to withstand 12(b)(6) motion to dismiss where plaintiff pled "it was the policy, custom, and practice of the police department to inadequately supervise or train its officers."); *see also Murphy v. Jefferson*

*Sheriffs*, No. 94-1884, 1994 WL 704975, at *3-4 (E.D. La. Dec. 14, 1994); *Langford v. Union County*, No. 01-60716, 2002 WL 31415376, at *6-7 (5th Cir. Oct. 18, 2002).

### III. CONCLUSION

Based on the foregoing, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation [Doc. No. 14].

The Court ADOPTS the Magistrate Judge's recommendation that the Defendants' motion to dismiss Coleman's § 1983 claims against Defendants Fendall, Sadler, and Crowder be denied.

The Court DECLINES TO ADOPT the Magistrate Judge's recommendation that Coleman's § 1983 claims against the City be dismissed.

MONROE, LOUISIANA this 20th day of January, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE